George T. Dolan, Jr., Esq. County Attorney, Columbia
You have asked whether under certain conditions a member of a county board of supervisors has a conflict of interest and if so what action should be taken to redress the conflict.
The county board of supervisors is the legislative body of the county. You have explained that the subject supervisor's wife is a member of the staff of the county department of social services and that her position is in the classified civil service. The salary of her position is determined by the provisions of a collective bargaining agreement. The personnel account of the county's annual budget reflects the amount specified in the previous year's budget plus the percentage increase called for in the collective bargaining agreement.
As you noted, in a previous opinion of this office we concluded that a county legislator should not take part in any deliberations concerning the salary and terms and conditions of employment of his wife in county government (Informal Opinion No. 86-45). Under the Taylor Law, a provision of a collective bargaining agreement requiring legislative action to permit its implementation, by amendment of law or by providing additional funds, does not become effective until the appropriate legislative body has given approval (Civil Service Law, § 204-a[1]). Thus, it is our view that a county legislator should not participate in deliberations on a budget that includes funds to implement an increase in salary for his wife as an employee of county government.
We conclude that a member of a county board of supervisors should recuse himself from participating in any matters affecting the salary and terms and conditions of employment of his wife with the county.